UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATHEW LEE WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN E. WILLIAMS SR., *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00505-MMD-VPC<br><br>ORDER |

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Mathew Lee Williams, a Nevada prisoner serving a sentence of ten years to life in prison on a conviction of lewdness with a child under the age of 14 years. *See* Petition for Writ of Habeas Corpus (ECF No. 6). There are, before the Court, a motion to dismiss filed by the respondents and a motion for stay filed by Williams. The Court will grant the motion to dismiss in part and deny it in part, dismissing part of Ground 1 of Williams' petition, and the Court will deny the motion for stay as moot. The Court will set a schedule for respondents to file an answer, and Williams a reply.

Williams was convicted, upon a guilty plea, in Nevada's Second Judicial District Court, on November 29, 2012. (*See* Judgment, Respondents' Exhibit 24 (ECF No. 15-24).)

Williams appealed to the Nevada Supreme Court from his conviction, and the Nevada Supreme Court affirmed on September 18, 2013. (*See* Appellant's Opening Brief, Respondents' Exhibit 51 (ECF No. 16-20); Order of Affirmance, Respondents' Exhibit 57 (ECF No. 16-26).)

1 | Williams then filed a petition for writ of habeas corpus in the state district court,
2 | and that court denied the petition on November 12, 2015. (*See* Petition for Writ of Habeas
3 | Corpus (Post-Conviction), Respondents' Exhibit 61 (ECF No. 17); Order of State District
4 | Court, Respondents' Exhibit 74 (ECF No. 17-13).) Williams appealed to the Nevada
5 | Supreme Court from the denial of the petition, and the Nevada Supreme Court affirmed
6 | on July 13, 2016. (*See* Appellant's Opening Brief, Respondents' Exhibit 82 (ECF No. 17-
7 | 21); Order of Affirmance, Respondents' Exhibit 89 (ECF No. 17-28).)

Williams initiated this federal habeas corpus action on August 29, 2016. (*See* Petition for Writ of Habeas Corpus (ECF No. 6).) Williams' petition includes two claims. In Ground 1, he asserts that, in violation of his federal constitutional rights, he received ineffective assistance of both his trial counsel and his state post-conviction counsel. (*See id.* at 3-4.) In Ground 2, Williams asserts that his sentence violates his federal constitutional right to be free of cruel and unusual punishment. (*See id.* at 5-6.)

On January 11, 2017, respondents filed a motion to dismiss (ECF No. 14). In that motion, respondents contend that, to the extent Ground 1 is based on alleged ineffective assistance of Williams' state post-conviction counsel, that claim is unexhausted in state court, and, at any rate, is not cognizable in this federal habeas corpus action. (*See* Motion to Dismiss (ECF No. 14) at 4, 6.) Respondents also contend in their motion to dismiss that Ground 2 is unexhausted in state court. (*See id.* at 4-5.)

Williams responded to the motion to dismiss, on February 17, 2017, by filing a motion for stay (ECF No. 21), in which he requests that this case be stayed while he returns to state court to exhaust any unexhausted claims. Respondents filed an opposition to the motion for stay on February 28, 2017 (ECF No. 22), and Williams filed a reply on March 13, 2017 (ECF No. 23).

Ground 1, to the extent based on alleged ineffective assistance of Williams' state post-conviction counsel, is not cognizable in this federal habeas corpus action. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As there is no federal constitutional right to an attorney in state post-conviction proceedings, there is no constitutional right to

effective assistance of such counsel. *See id.* ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citation omitted)); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (where there is no constitutional right to counsel there can be no deprivation of the constitutional right to effective assistance of counsel). For this reason, the Court will grant respondents' motion to dismiss Ground 1 to the extent it is based on alleged ineffective assistance of Williams' state post-conviction counsel.

Turning to the question of Williams' exhaustion of his state court remedies, a federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

With regard to Ground 1, as is explained above, the Court will grant respondents' motion to dismiss Ground 1 to the extent it is based on alleged ineffective assistance of Williams' state post-conviction counsel because that part of Ground 1 is not cognizable in a federal habeas action. As that is the same part of Ground 1 that respondents contend is unexhausted in state court (*see* Motion to Dismiss at 4), its dismissal renders respondents' argument regarding the exhaustion of Ground 1 moot, and the Court need not address that issue.

Ground 2 is Williams' claim that his sentence violates his federal constitutional right to be free of cruel and unusual punishment. Respondents argue that Ground 2 is

1 | unexhausted, at least in part, because it includes arguments not asserted when he made
2 | a similar claim on his direct appeal to the Nevada Supreme Court. (*See* Motion to Dismiss,
3 | at 4-5.) In particular, respondents argue that Williams argues in this case, but did not
4 | argue in state court, that his sentencing did not properly take into account his mental
5 | health and drug addiction. (*See id.*) The Court disagrees with respondents' analysis.
6 | Williams did, on his direct appeal in state court, include, in his claim regarding the
7 | constitutionality of his sentence, argument concerning his mental health and drug
8 | addiction. (*See* Appellant's Opening Brief, Respondents' Exhibit 51 at 3-4 (ECF No. 16-
9 | 20 at 10-11).) Williams argued on that appeal in state court that "his youth, mental health
10 | issues, and terrible childhood were relevant mitigation factors which should have been
11 | determinative when imposing the possible sentence." (*Id.* at 13 (ECF No. 16-20 at 20).)
12 | Where the petitioner's presentation of a claim changes in federal court, the claim is still
13 | considered fairly presented, and exhausted in state court, so long as the new allegations
14 | in federal court do not fundamentally alter the claim. *See Dickens v. Ryan*, 740 F.3d 1302,
15 | 1318-19 (9th Cir.2014) (en banc). Williams has not fundamentally altered Ground 2 in
16 | federal court. Ground 2 is exhausted.

Therefore, the Court will grant respondents' motion to dismiss in part: Ground 1 will be dismissed, as not cognizable in federal court, to the extent it is based on alleged ineffectiveness of Williams' state post-conviction counsel; in all other respects, respondents' motion to dismiss will be denied. This renders moot Williams' motion for stay, as the Court finds that there are no viable claims yet to be exhausted in state court; the motion for stay will be denied on that ground.

It is therefore ordered that respondents' Motion to Dismiss (ECF No. 14) is granted in part and denied in part. Ground 1 is dismissed, as not cognizable in federal court, to the extent it is based on alleged ineffectiveness of Williams' state post-conviction counsel. In all other respects the motion to dismiss is denied.

It is further ordered that petitioner's Motion Requesting Stay and Abeyance (ECF No. 21) is denied, as moot.

It is further ordered that respondents will have ninety (90) days from the entry of this order to file an answer, responding to the remaining claims in the habeas petition – Ground 1, to the extent based on alleged ineffective assistance of petitioner's trial counsel, and Ground 2. Petitioner will, thereafter, have ninety (90) days to file a reply to respondents' answer.

DATED THIS 18th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE