UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MATHEW LEE WILLIAMS,

Petitioner,

v.

BRIAN E. WILLIAMS SR., *et al.*,

Respondents.

Case No. 3:16-cv-00505-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Mathew Lee Williams, a Nevada prisoner serving a sentence of ten years to life in prison on a conviction of lewdness with a child under the age of 14 years. (*See* Petition for Writ of Habeas Corpus (ECF No. 6).)

On April 18, 2017, the Court ruled on a motion to dismiss filed by the respondents and a motion for stay filed by Williams. The Court granted the motion to dismiss in part and denied it in part, dismissing part of Ground 1 of Williams' habeas petition. (*See* Order entered April 18, 2017 (ECF No. 24).) The Court denied the motion for stay, as moot, determining that there were, in Williams' petition, no viable claims yet to be exhausted in state court. (*See id.*)

On April 26, 2017, Williams filed a motion for reconsideration (ECF No. 25), seeking reconsideration of the dismissal of part of Ground 1 of his petition. Respondents filed an opposition to that motion on May 9, 2017 (ECF No. 27). Williams did not file a reply.

The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as the court has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WCG, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (stating that this Court applies the Rule 59(e) standard to motions for reconsideration of interlocutory orders). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

In the April 18, 2017, order, the Court dismissed Ground 1, in part, as follows:

> Ground 1, to the extent based on alleged ineffective assistance of Williams' state post-conviction counsel, is not cognizable in this federal habeas corpus action. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). As there is no federal constitutional right to an attorney in state post-conviction proceedings, there is no constitutional right to effective assistance of such counsel. *See id.* ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (citation omitted)); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (where there is no constitutional right to counsel there can be no deprivation of the constitutional right to effective assistance of counsel). For this reason, the Court will grant respondents' motion to dismiss Ground 1 to the extent it is based on alleged ineffective assistance of Williams' state post-conviction counsel.

(Order entered April 18, 2017 (ECF No. 24) at 2-3.) Williams does not make any showing that this ruling was in error, or that there has been a change in the controlling law with respect to this issue. The Court will deny the motion for reconsideration.

The dismissal of the part of Ground 1 asserting a claim of ineffective assistance of Williams' state post-conviction counsel does not affect the remainder of Ground 1, which asserts a claim of ineffective assistance of Williams' trial counsel. Williams' claim of

ineffective assistance of his trial counsel, in Ground 1, remains viable. Moreover, the dismissal of the part of Ground 1 asserting a claim of ineffective assistance of Williams' state post-conviction counsel does not prevent Williams of asserting ineffective assistance of his state post-conviction counsel as cause to overcome any procedural default of any other claim.

On June 21, 2017, Williams filed a motion for leave of court to amend his petition (ECF No. 31). On June 29, 2017, respondents filed a notice stating that they do not oppose the motion for leave to amend (ECF No. 36). The Court will, therefore, grant the motion for leave to amend.

On June 21, 2017, Williams also filed a motion for stay and abeyance (ECF No. 32). Respondents filed an opposition to the motion for stay and abeyance on June 29, 2017 (ECF No. 37). Respondents point out that the motion for stay and abeyance is premature, as they have not yet had an opportunity to respond in any manner to the new claims contained in the amended petition. The Court will deny the motion for stay and abeyance, without prejudice to Williams filing a new motion for stay and abeyance if it is determined that the amended petition contains both exhausted and unexhausted claims.

On June 21, 2017, Williams also filed a motion for appointment of counsel (ECF No. 33). The Court previously denied a motion by Williams for appointment of counsel, as well as a motion by Williams for reconsideration of that ruling. (*See* Order entered September 28, 2016 (ECF No. 5); Order entered November 29, 2016 (ECF No. 13).) The Court remains of the view that appointment of counsel is not warranted in this case.

On June 21, 2017, Williams also filed an application to proceed *in forma pauperis* (ECF No. 34). Williams has paid the filing fee for this action (ECF No. 4). Williams need not pay the filing fee again, or apply to proceed *in forma pauperis*, on account of his motion for leave to amend his petition. The application to proceed *in forma pauperis* is unnecessary, and will be denied as moot.

It is therefore ordered that petitioner's Motion for Reconsideration (ECF No. 25) is denied.

It is further ordered that petitioner's Motion for Stay and Abeyance (ECF No. 32) is denied.

It is further ordered that petitioner's Motion for Appointment of Counsel (ECF No. 33) is denied.

It is further ordered that petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 34) is denied.

It is further ordered that petitioner's Motion for Leave to Amend (ECF No. 31) is granted. Petitioner is granted leave of court to file his amended habeas petition. The Clerk of the Court will separately file petitioner's amended habeas petition (which is currently filed as an exhibit to his motion for leave to amend, at ECF No. 31).

It is further ordered that respondents will have ninety (90) days from the date of this order to file an answer or other response to petitioner's amended petition.

It is further ordered that if respondents file an answer, petitioner will have sixty (60) days from the date on which the answer is served on him to file and serve a reply. If respondents file a motion to dismiss, petitioner shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have thirty (30) days to file a reply in support of the motion.

DATED THIS 30th day of June 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE