UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATHEW LEE WILLIAMS,<br><br>Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00505-MMD-VPC<br><br>ORDER |

**I.   INTRODUCTION**

This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Mathew Lee Williams, a Nevada prisoner serving a sentence of ten years to life in prison on a conviction of lewdness with a child under the age of fourteen years. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39).) There are, before the Court, a motion to dismiss filed by Respondents and a motion for stay filed by Williams. The Court will grant the motion to dismiss in part and deny it in part; the Court will dismiss two of Williams's grounds for relief (Grounds 5 and 9), and part of each of two other grounds for relief (part of Ground 3 and part of Ground 8), and will set a schedule for the briefing of the remainder of Williams's claims on their merits. The Court will deny the motion for stay.

**II.   BACKGROUND**

Williams was convicted, upon a guilty plea, in Nevada's Second Judicial District Court, on November 29, 2012. (*See* Judgment, Respondents' Exh. 24 (ECF No. 15-24).)

Williams appealed to the Nevada Supreme Court from his conviction, and the Nevada Supreme Court affirmed on September 18, 2013. (*See* Appellant's Opening Brief, Respondents' Exh. 51 (ECF No. 16-20); Order of Affirmance, Respondents' Exh. 57 (ECF No. 16-26).)

Williams then filed a petition for writ of habeas corpus in the state district court, and that court denied the petition on November 12, 2015. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 61 (ECF No. 17); Order of State District Court, Respondents' Exh. 74 (ECF No. 17-13).) Williams appealed to the Nevada Supreme Court from the denial of the petition, and the Nevada Supreme Court affirmed on July 13, 2016. (*See* Appellant's Opening Brief, Respondents' Exh. 82 (ECF No. 17-21); Order of Affirmance, Respondents' Exh. 89 (ECF No. 17-28).)

Williams initiated this federal habeas corpus action on August 29, 2016. (*See* Petition for Writ of Habeas Corpus (ECF No. 6).)

On January 11, 2017, Respondents filed a motion to dismiss Williams's original petition (ECF No. 14). Williams, in turn, filed a motion for stay (ECF No. 21), in which he requested that this case be stayed while he returns to state court to exhaust any unexhausted claims. The Court ruled on those motions on April 18, 2017. (*See* Order entered April 18, 2017 (ECF No. 24).) The Court dismissed a claim based on alleged ineffective assistance of Williams's state post-conviction counsel, and, in all other respects, denied the motion to dismiss. (*See id.*) The Court denied Williams's motion for stay as moot, finding that there were no viable claims yet to be exhausted in state court. (*See id.*) Williams filed a motion for reconsideration, and the Court denied that motion. (*See* Order entered June 30, 2017 (ECF No. 38).)

Williams then filed a motion for leave to amend, and another motion for stay. (ECF Nos. 31, 32.) The Court granted the motion for leave to amend, and denied the motion for stay, without prejudice, determining that it was premature. (*See* Order entered June 30, 2017 (ECF No. 38).)

///

Williams's amended petition—now the operative petition in this case—was filed on June 30, 2017. (ECF No. 39.) The Court reads the amended petition to contain the following grounds for relief:

> 1. Williams was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because trial counsel failed to adequately investigate the case before he pled guilty.
>
> 2. Williams's federal constitutional rights were violated because the failure to consider his drug addiction in his sentencing amounts to cruel and unusual punishment.
>
> 3. Williams's federal and state constitutional rights were violated because the statute under which he was sentenced, and his sentence, violate the constitutional prohibition of cruel and unusual punishment.
>
> 4. Williams was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because trial counsel failed to adequately investigate the case before he pled guilty.
>
> 5. Williams was denied effective assistance of counsel on his direct appeal, in violation of his federal constitutional rights, because of the claims that his appellate counsel did and did not assert.
>
> 6. Williams was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because trial counsel misinformed him about the strength of the State's case, and failed to adequately investigate the case, before he pled guilty.
>
> 7. Williams was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because trial counsel failed to present sufficient mitigating evidence at his sentencing.
>
> 8. Williams's federal constitutional rights were violated because his guilty plea was not knowing, intelligent, and voluntary, as he did not understand the plea agreement, and he was misled about the strength of the State's case.
>
> 9. Williams was denied effective assistance of counsel on his direct appeal, in violation of his federal constitutional rights, because his appellate counsel did not adequately investigate his case and did not assert meritorious claims.

(Amended Petition for Writ of Habeas Corpus (ECF No. 39).)

On November 13, 2017, Respondents filed their motion to dismiss Williams's amended petition. (ECF No. 51.) In that motion, Respondents contend that Grounds 4, 5, 7, 8, and 9 are unexhausted in state court, and that part of Ground 3 is not cognizable in this federal habeas corpus action. (*See id.*) Williams filed an opposition to the motion to

3

dismiss on December 18, 2017 (ECF No. 53), and Respondents replied on January 17, 2018 (ECF No. 57).

On December 18, 2017, with his opposition to the motion to dismiss, Williams also filed a motion for stay, requesting that this case be stayed while he returns to state court to exhaust his unexhausted claims. (ECF No. 52.) Respondents filed an opposition to that motion on December 29, 2018 (ECF No. 55), and Williams replied on January 16, 2018 (ECF No. 56).

**III.   DISCUSSION**

    **A.   Exhaustion – Legal Standards**

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

    **B.   Anticipatory Procedural Default**

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

///

In light of the procedural history of this case, it is plain that Williams's unexhausted claims would be ruled procedurally barred in state court, as untimely and successive (*see* NRS §§ 34.726, 34.800, 34.810), if he were to return to state court to attempt to exhaust those claims. The anticipatory default doctrine applies, and the Court considers Williams's unexhausted claims to be technically exhausted, but subject to the procedural default doctrine. *See Dickens*, 740 F.3d at 1317.

In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with the State's procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural

5

default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15 (citing *Coleman*, 501 U.S. at 746-47). The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

Under *Martinez*, Williams might be able to overcome the anticipatory procedural default of claims of ineffective assistance of trial counsel by showing ineffective assistance of his state habeas counsel with respect to those claims. This issue, however, is entwined with the question of the merits of the claims of ineffective assistance of trial counsel, such that it cannot be properly addressed at this time, but will be better addressed after Respondents file an answer. The Court will, therefore, deny Respondents' motion to dismiss Williams's claims of ineffective assistance of trial counsel as unexhausted, and therefore subject to the doctrine of anticipatory procedural default, without prejudice to Respondents raising that defense in their answer.

### C. Ground 4

In Ground 4, Williams claims that he was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because trial counsel failed to adequately investigate the case before he pled guilty. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39) at 9-9c.) Williams alleges that his trial counsel was ineffective for not investigating: his drug and alcohol use; his mental health; drug and alcohol use by witnesses and the victim; inconsistent statements of witnesses; coerced statements of witnesses; possible impeachment of witnesses; the lack of "a rape kit," or DNA testing of the victim; inconsistent statements of the victim; and other possible impeachment of the victim and her family. (*See id.*)

6

In his state habeas action, Williams asserted a conclusory claim that his trial counsel did not adequately investigate his case before he pled guilty. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 61 at 6 (ECF No. 17 at 7).) There, Williams did not identify any specific matters that he believes his trial counsel should have investigated.

Where the petitioner's presentation of a claim changes in federal court, the claim is still considered fairly presented and exhausted in state court as long as the new allegations in federal court do not fundamentally alter the claim. *See Dickens v. Ryan*, 740 F.3d 1302, 1318-19 (9th Cir. 2014) (en banc). However, where the new allegations in federal court fundamentally alter the claim, the claim is unexhausted. That is the case here with respect to Ground 4. Williams has fundamentally altered this claim, by adding specificity to what was, in state court, a completely conclusory claim. Ground 4 is, therefore, unexhausted in state court; or rather, as is discussed above, it is technically exhausted but subject to the anticipatory procedural default doctrine.

Because Ground 4 is a claim of ineffective assistance of trial counsel, Williams might be able to overcome the anticipatory procedural default by showing ineffective assistance of his state habeas counsel. This issue, though, is entwined with the question of the merits of the claim, such that it cannot be properly addressed at this time, but will be better addressed after Respondents file an answer. The Court will, therefore, deny Respondents' motion to dismiss with respect to Ground 4, without prejudice to Respondents arguing, in their answer, that Ground 4 is procedurally defaulted.

**D. Grounds 5 and 9**

In Ground 5, Williams claims that he was denied effective assistance of counsel on his direct appeal, in violation of his federal constitutional rights, because of the claims that his appellate counsel did and did not assert. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39) at 11.) And, in Ground 9, Williams claims he was denied effective assistance of counsel on his direct appeal, in violation of his federal constitutional rights, because his appellate counsel did not adequately investigate his

case and did not assert meritorious claims. (*See id.* at 19-19b.) Williams alleges that his appellate counsel should have investigated and asserted claims regarding particular issues, including: his drug use; his mental health; "inconsistencies and invalidity of the evidence;" the unknowing, unintelligent, and unknowing character of his guilty plea; "the timeline of events;" his "whereabouts;" the "whereabouts of other parties involved;" the credibility of the victim and her family; drug abuse by the victim and her family; drug use by witnesses; and "incarceration" of the witnesses. (*See id.* at 11, 19-19b.)

In his state habeas action, Williams asserted a conclusory claim that his appellate counsel was ineffective. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 61 at 6 (ECF No. 17 at 7).) There, however, Williams did not describe any specific matters that his appellate counsel should have investigated, or any particular claims that she should have asserted. Rather, Williams's entire claim of ineffective assistance of appellate counsel, in his state habeas action, was as follows:

> On my direct appeal, I believe that my appointed attorney purposely brought forth an argument that had no valid merit, and no chance of surviving a direct appeal.
>
> To my knowledge, there were no known investigations done by either my trial counsel, nor my post-conviction counsel. (for direct appeal)

(*Id.*)

Therefore, as with Ground 4, Williams has, in federal court, fundamentally altered his claim of ineffective assistance of appellate counsel in Grounds 5 and 9. Grounds 5 and 9 are unexhausted in state court, or rather, as is discussed above, technically exhausted but subject to the anticipatory procedural default doctrine. Grounds 5 and 9 are not claims of ineffective assistance of trial counsel; they are claims of ineffective assistance of appellate counsel. *Martinez* does not apply to claims of ineffective assistance of appellate counsel. *See Davila v. Davis*, 137 S. Ct. 2058, 2062-66 (2017) (holding that *Martinez* does not apply to claims of ineffective assistance of direct appeal counsel). Williams does not make any argument that he can overcome the procedural

///

1 default of Grounds 5 and 9. The Court will, therefore, grant Respondents' motion to
2 dismiss with respect to Grounds 5 and 9, and dismiss those claims as procedurally
3 defaulted.

### E. Ground 7

In Ground 7, Williams claims that he was denied effective assistance of trial counsel, in violation of his federal constitutional rights, because his trial counsel failed to present sufficient mitigating evidence at his sentencing. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39) at 15-15a.)

Williams made no such claim in state court. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 61 (ECF No. 17).) Ground 7 is, therefore, unexhausted in state court, or, here again, technically exhausted but subject to the anticipatory procedural default doctrine. Because Ground 7 is a claim of ineffective assistance of trial counsel, Williams might be able to overcome the anticipatory procedural default by showing ineffective assistance of his state habeas counsel. This issue, though, is entwined with the question of the merits of the claim, such that it cannot be properly addressed at this time, but will be better addressed after Respondents file an answer. The Court will deny Respondents' motion to dismiss with respect to Ground 7, without prejudice to Respondents arguing, in their answer, that Ground 7 is procedurally defaulted.

### F. Ground 8

In Ground 8, Williams claims that his federal constitutional rights were violated because his guilty plea was not knowing, intelligent, and voluntary, as he did not understand the plea agreement, and was misled about the strength of the State's case. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39) at 17-17a.)

In his state habeas action, Williams claimed that he was misled with respect to the strength of the State's case. (*See* Petition for Writ of Habeas Corpus (Post-Conviction), Respondents' Exh. 61 at 6 (ECF No. 17 at 7).) That part of Ground 8 is exhausted.

///

On the other hand, in his state habeas action, Williams did not claim that his plea was not knowing, intelligent, and voluntary, because he did not understand the plea agreement. (*See id.*) That part of Ground 8 is unexhausted, or, rather, technically exhausted but subject to the anticipatory procedural default doctrine. As this is not a claim of ineffective assistance of trial counsel, *Martinez* does not apply. *See Davila*, 137 S. Ct. at 2062-66. Williams does not make any argument that he can overcome the procedural default of this part of Ground 8. The Court will, therefore, grant Respondents' motion to dismiss with respect to the claim in Ground 8 that Williams's guilty plea was not knowing, intelligent, and voluntary, because he did not understand the plea agreement; that part of Ground 8 will be dismissed as procedurally defaulted.

### G. Cognizability of State-Law Claim in Ground 3

In Ground 3, Williams claims that his federal and state constitutional rights were violated because the statute under which he was sentenced, and his sentence, violate the constitutional prohibition of cruel and unusual punishment. (*See* Amended Petition for Writ of Habeas Corpus (ECF No. 39) at 7-7i.)

Claims based on state law are not cognizable in a federal habeas corpus action. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). The Court will grant Respondents' motion to dismiss with respect to Ground 3, to the extent Ground 3 is based on violation of Williams's rights under the Nevada constitution.

### H. Williams's Motion for Stay

As is discussed above, the Court determines that certain of Williams's claims have not been presented in state court, but, if presented in state court now, would be procedurally barred; those claims, therefore, are technically exhausted, but subject to the procedurally default doctrine. None of Williams's claims are treated as unexhausted.

Under these circumstances, a stay is not warranted. Williams's return to state court would be fruitless, and a waste of judicial resources, and time, in that his claims would be procedurally barred in state court.

Therefore, the motion for stay will be denied.

## IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 51) is granted in part and denied in part. The following claims in Petitioner's amended habeas petition are dismissed: Ground 3, to the extent based on violation of Petitioner's rights under the Nevada constitution; Ground 5; the claim in Ground 8 that Petitioner's guilty plea was not knowing, intelligent, and voluntary, because he did not understand the plea agreement; and Ground 9. In all other respects, the motion to dismiss is denied.

It is further ordered that Petitioner's Motion for Stay and Abeyance (ECF No. 52) is denied.

It is further ordered that Respondents will have ninety (90) days from the entry of this Order to file an answer, responding to the remaining claims in the amended habeas petition: Ground 1; Ground 2; Ground 3, to the extent based on violation of Petitioner's federal constitutional rights; Ground 4; Ground 6; Ground 7; and the claim in Ground 8 that Petitioner's guilty plea was not knowing, intelligent, and voluntary because he was misled about the strength of the State's case. Petitioner will, thereafter, have ninety (90) days to file a reply to Respondents' answer. In view of the amount of time this case has been pending, the Court will not look favorably upon any motion to extend this briefing schedule.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is instructed to substitute Isidro Baca for Brian Williams, Sr., on the docket for this case, as the respondent warden.

DATED THIS 17th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE